**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARQUITA SANDERS, DONNA SANDERS, | ) |
| LINDA TODD, BRYUNNA RUSSELL, | ) |
| MICHAEL RUSSELL, and WILLIE RUTH TODD, | ) |
| individually and on behalf of a class, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| W&W WHOLESALE INC., d/b/a | ) |
| JUST 4 KIDZ, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT- CLASS ACTION**

**INTRODUCTION**

1.     Plaintiffs Marquita Sanders, Donna Sanders, Linda Todd, Bryunna Todd, Michael Russell and Willie Ruth Todd, individually and on behalf of a class ("Plaintiffs") bring this action against W&W Wholesale Incorporated d/b/a Just 4 Kidz ("Defendant"), for at a minimum recklessly violating the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA") in failing to truncate the expiration date printed on receipts provided to the cardholder at the point of sales.

2.     "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" *Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Harris v. Mexican Specialty Food, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009)).

3.      The purpose of this truncation requirement is to prevent identity theft.  The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

4.      One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.  Identity thieves who do this are known as carders and dumpster divers.  This modus operandi is more common than the use of sophisticated electronic means to obtain the information.  Robin Sidel, Identity Theft Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way, Wall Street Journal, Oct. 5, 2006, p. B1.

5.      The expiration date is generally necessary for misuse of the card  number.

6.      Merchants generally will not honor a credit card in a card-not-present transaction (telephone or Internet or fax) without both the correct expiration date and the card number.  Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

7.      To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from printing and providing at the point of sales or transaction electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

8.      A plaintiff however need not demonstrate that he or she was a victim of identity theft to prevail on a claim for statutory damages under the FCRA upon a showing that a defendant willfully violated 15 U.S.C. § 1681c(g).  *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948 (7th Cir. 2006).

2

**JURISDICTION AND VENUE**

9.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 1681p (FCRA).

10.     Venue is proper because the location subject to this lawsuit because one of Defendant's subject places of business is located in Chicago Illinois.

**PARTIES**

11.     Plaintiffs are natural persons residing in the State of Illinois.

12.     Defendant W&W Wholesale Incorporated is a for profit company incorporated under the laws of California that operates at a minimum businesses located at 7601 South Cicero Avenue, Chicago, Illinois and 6170 West Grand Avenue, Gurnee, Illinois, 60031.   On information and belief the employees at the subject store are paid by W&W Wholesale Incorporated and on information and belief the rent for the subject store at the Gurnee Mill Outlet Mall is paid for by W&W Wholesale Incorporated.  The Illinois Secretary of State states that service of process can be made on its registered agent in Illinois and his address is Martin Garza, at the Just 4 Kidz store located in the North Riverside Park Mall, 7501 W. Cermak Rd., North Riverside, Illinois 60546.

**FACTS**

13.     FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

14.     One provision of FACTA, codified as 15 U.S.C. § 1681c(g), provides that:

>        No person that accepts credit cards or debit cards for the transaction
>        of business shall print more than the last 5 digits of the card number

*or the expiration date upon any receipt provided to the cardholder* at the point of sale or transaction**.**

15 U.S.C. § 1681c(g) (emphasis added).

15.     With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

16.     With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

17.     Companies such as VISA and MasterCard began informing retailers of the need to truncate credit card information including the expiration date and to comply with the Payment Card Industry Security Standards.

18.     The Payment Card Security Standards are to be complied with by all merchants, who like Defendant, accepts Visa and MasterCard.

19.     VISA, MasterCard, the PCI Security Standards Council a consortium founded by VISA, MasterCard, Discover, American Express and JCB companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the need to comply with the same.

20.     The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date.

21.     On information and belief, Defendant in obtaining the right to accept credit and debit card contractually agreed to abide by the Payment Card Industry Security

4

Standards and the card issuing regulations.

22.     In response to FACTA being passed companies that provide point of sales terminals and software such as Hartland Payment Systems, Inc., issued booklets and provided in billing statements information that the merchants were to ensure that their point of sales terminals were not printing any expiration dates or more than the last four numbers of the credit card or debit card account number.

23.     Likewise, in June of 2008 Chase Paymentech a/k/a First Date provided in its billing statement to its merchant clients who accepted credit and debit cards a detailed explanation of the merchant's duties to truncate the expiration date under the FACTA Clarification Act of 2008.

24.     On information and belief, the entity that had provided Defendant's point of sales terminals and software would have made Defendant aware of its obligation to truncate the receipts prior to the receipts being provided to Plaintiffs and the class.

25.     As such, on information and belief, Defendant would have actual notice of the truncation requirements under FACTA.

26.     For example, the August 12, 2006, edition of Rules for Visa Merchants (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that only the last four digits of an account number should be printed on the customer's copy of the receipt and the expiration date should not appear at all.   These statements were accompanied by a picture of a receipt showing precisely what had to be removed.  VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

27.     Defendant accepts Visa cards and is a party to a contract requiring

5

compliance with the above-quoted requirement.

28.    In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date" and For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

> ACCT: ***********12345
> EXP: ****

FTC Business Alert, Slip Showing?  Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts.  *Available at* http://www.ftc.gov/bcp/edu/pubs/business/alerts/alt007.shtm

29.    The May 2007 FTC business alert was also posed on the Better Business Bureau's website. *Available at* http://www.bbb.org/us/article/4425

30.    Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale.  The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc.  In isolation, the publication of ***only*** the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

31.    The publication of expiration dates on customer receipts disseminated at the point of sale, ***in addition to*** the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that Visa, and then Congress, requires the truncation of expiration dates.

32.     Expiration dates are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

33.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

34.     The costs of truncating credit and/or expiration dates and account numbers is minimal.

35.     Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

36.     Defendant's subject place of business uses one or more cash registers and/or other machines or devices that electronically print receipts for all credit card and debit card transactions that occurred at the location.

37.     On February 24, 2010, Plaintiffs Marquita and Donna Sanders used their respective credit cards at Defendant's store location in Gurnee, Illinois.

38.     Defendant provided at the point of sales Plaintiffs Marquita and Donna Sanders respectively a printed receipt that contained their respective credit card's expiration dates for each sale.

39.     On April 15, 2011, Plaintiffs Linda Todd, Willie Ruth Todd, Bryunna Russell, and Michael Russell used their respective credit cards at Defendant's store location in Chicago, Illinois.

40.     Defendant provided at the point of sales Plaintiffs Linda Todd, Willie Ruth Todd, Bryunna Russell, and Michael Russell respectively a printed receipt that contained

their respective credit card's expiration dates for each sale.

41.     The printing of the expiration date was caused by a tag field, which is an instruction code in the point of sales terminal's software, that's programmed to obtain information from the debit or credit card and display that information in a specific filed.

42.     In this case, Defendant's point of sales terminal contained a code for it to obtain the expiration date of each cardholder's debit or credit card and print that number on a receipt.

43.     The printing of an expiration date on a receipt does not happen by accident, it requires the point of sales terminal to be intentionally programmed to do so.

### VIOLATION ALLEGED

44.     Paragraph 1 – 43 are incorporated herein.

45.     Defendant is a "person that accepts credit cards or debit cards for the transaction of business" as defined by FACTA.

46.     Defendant did not comply with 15 U.S.C., §1681c(g)(1), which provides that:

> ... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number *or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

15 U.S.C. §1681c(g)(1) (emphasis added).

47.     Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D. Cal. Apr. 5, 2007); accord, *Iosello v. Leiblys, Inc.*, 502 F.Supp.2d 782 (N.D. Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS

92585 (N.D. Ill., Dec. 18, 2007); *Korman v. Walking Co.*, 503 F. Supp. 2d 755 (E.D. Pa. 2007);

*Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev.

Dec. 3, 2007).

48. Defendant's conduct complained of herein was at a minimum reckless,

thereby committing a willful violation of the FCRA §1681c(g)(1).

### CLASS ALLEGATION OF THE VIOLATION ALLEGED

49. Plaintiffs bring this action on behalf of a class pursuant to FED. R. CIV. P. 23(a)

and (b)(3).

50. The class is defined as: (a) Plaintiffs and all persons who used a Discover

credit card at Defendant's store locations in Chicago, Illinois and Gurnee, Illinois, (b) were

Defendant printed a receipt at the point of sales that contained the cardholder's card's

expiration date, (C) from a time period beginning two years from the filing of this

complaint until Defendant has stopped printing such receipts.

51. The class is so numerous that joinder of all individual members in one action

would be impracticable.

52. On information and belief, there are over 40 persons as defined by the class

definition above.

53. Plaintiff's claims are typical of the claims of the class members. All are based

on the same legal theories and arise from the same unlawful conduct.

54. There are common questions of fact and law affecting members of the class,

which common questions predominate over questions which may affect individual

members. These include the following:

   a. Whether printing a receipt with the card's expiration date on it that fails to

comply with FACTA's truncation requirement;

b. Whether Defendant violated FACTA; and

c. Whether Defendant's conduct was at a minimum reckless.

55. Plaintiffs will fairly and adequately represent the class members.

56. Plaintiffs have no interests that conflict with the interests of the class members.

57. Plaintiffs have retained experienced counsel in class action consumer matters.

58. A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible and the class members may not be aware that their rights have been violated.

WHEREFORE, Plaintiff request this Honorable Court to enter judgment in favor of Plaintiffs for:

a. Statutory damages;

b. Punitive damages, if the evidence warrants;

c. Attorney's fees and costs; and

d. Any other relief this Court deems as appropriate.

Respectfully submitted,

s/ Curtis C. Warner
   Curtis C. Warner

Curtis C. Warner (6282197)
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

10

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com