IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUITA SANDERS, DONNA SANDERS, LINDA TODD, BRYUNNA RUSSELL, MICHAEL RUSSELL, and WILLIE RUTH TODD, individually and on behalf of a class,<br><br>Plaintiffs,<br><br>v.<br><br>W&W WHOLESALE INC., d/b/a JUST 4 KIDZ,<br><br>Defendant. | 10 C 3557<br><br>Judge Der-Yeghiayan |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S 12(b)(6) MOTION TO DISMISS**

Defendant W&W Wholesale Inc., d/b/a, Just 4 Kidz ("Defendant") Rule 12(b)(6) motion should be denied as Plaintiffs' Complaint comports with the pleading standards of Rule 8, and the requirements set forth in *Bell Atlantic v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937 (2009). The Complaint sufficiently provides Defendant notice that Plaintiffs are alleging a willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendments to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(c)(1), for electronically printing expiration dates on receipts that are provided to consumers at the point of sales after Defendant knew or should have know that such conduct was prohibited. Nothing more is needed at the pleading stage in a failure to truncate case as this Court held in *Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782 (N.D. Ill. 2007) (Der-Yeghiayan, J). Additionally, nothing in the 2008 Clarification Act removed liability for statutory damages for printing a card's expiration date on a receipt beyond June 3, 2008. Therefore, for the reasons explained in detail below, Defendant's motion should be denied.

**LEGAL STANDARD**

Rule 8 only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit in a *post Twombly-Iqbal* opinion explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep [a plaintiff] out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (*quoting Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

A Complaint need only provide enough detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests,' and through the allegations show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *EEOC v. Concentra Health Care Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (further citations omitted)). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, U.S. , 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*quoting Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009)

*Twombly*, however does not alter the federal court's notice pleading standard. *Airborne Beepers & Video, Inc., v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). The Seventh Circuit has further distinguished notice pleading from evidentiary proof stressing that, "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" *Vincent v.*

*City Colleges of Chicago*, 485 F.3d 919, 923-924 (7th Cir. 2007). Finally, the Seventh Circuit has admonished that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law requires a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).

## ARGUMENT

Businesses are presumed to know the law applicable to its business. *See First Am. Title Ins. Co. v. TCF Bank, F.A.*, 286 Ill. App. 3d 268, 278 (Ill. App. 1997) (Hutchinson, J., *specially concurring*) ("[p]ersons are presumed to know the law and ignorance of the same is no excuse * * * This fundamental notion must apply equally to mammoth corporations as it does to the common man."); *Oglesby v. Springfield Marine Bank*, 395 Ill. 37, 64 (Ill. 1946) ("ignorance of the law is no excuse.") *cf. Seeger v. AFNI, Inc.,* 548 F.3d 1107, 1114 (7th Cir. 2008) ("[A]pplying the *bona fide* error defense here would essentially reward a business's ignorance of the law."). How else does a business understand and implement paying the correct prevailing federal and state wage, when to pay overtime based upon the employee's classification, know what types of documentation a potential employee must present to the business to demonstrate that he or she can be employed in the United States, properly make payroll tax withholdings, or make sure it is complying with OSHA's safety requirements? There is no question that every business, no matter if it is a one-chair barbershop or a Fortune 500 company, that accepts credit or debit cards and prints electronic receipts that are provided to cardholders at the point of sales or transaction, must comply with 15 U.S.C. § 1681g(c)(1) and truncate the credit and debit cards' expiration dates.

3

Defendant's memorandum's opening sentence begins without any truth that "[e]*very day*, small businesses across the United States are getting hauled into federal court as defendants in class actions under the Fair and Accurate Credit Transactions Act ("FACTA") that threaten to put them out of business." (Def. Memo. p. 1) (emphasis added). Such a statement is contrary to the Complaint. (Complt. ¶ 35) ("Most of Defendant's business peers and competitors" complied with FACTA's truncation requirements). Legally, the statement it is incorrect as a court can reduce an award of statutory damages in a FACTA case if the Constitutional threshold is tested. *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 954 (7th Cir. 2006). Finally, Plaintiff does not even allege that Defendant is a small business. (Complt. ¶ 12) (Defendant is a California corporation with at a minimum three Just 4 Kid's band stores located in the greater Chicago area). Like Defendant's opening sentence, its memorandum contains statements outside of the pleadings, incorrect assumptions, and attempts to simply confuse the allegations in the Complaint overlooking the allegations directly made about it. As Plaintiffs' response demonstrates, Plaintiffs' Complaint is sufficient to withstand a motion to dismiss.

## I. PLAINTIFFS' COMPLAINT IS SUFFICIENT

Defendant's memorandum simply ignores several material allegations that directly relate to Defendant: (1) Defendant was made aware by third parties who it does business with of Defendant's obligation to truncate its electronically printed receipts prior to the subject receipts being provided to Plaintiffs and the class. (Complt. ¶ 24); (2) Defendant in order to accept Visa credit cards contractually agreed to truncate credit card's expiration dates. (Complt. ¶¶ 26-27); the printing of expiration dates was intentional as Defendant had its point of sales terminal programmed to extract the expiration date from each credit card's magnetic strip and print it on each receipt. (Complt ¶¶ 41-43); and Defendant was printing non-FACTA compliant receipts at

multiple locations over more than a one year period. (*See* Complt. ¶¶ 37-40). These alleged facts specifically as to Defendant are not mere conclusions, they are sufficiently plausibly to show that Defendant willfully violated 15 U.S.C. § 1681g(c)(1).

Defendant's motion is based almost exclusively on *Gardner v. Appleton Baseball Club, Inc.*, 09-C-705, 2010 U.S. Dist. LEXIS 31653 , 2010 WL 1368633 (E.D. Wis. Mar. 31, 2010), in which the plaintiff plead a truly bare-boned complaint. Plaintiffs' Complaint here however is factually distinguishable from *Gardner* as it pleads specific facts as to Defendant.

Plaintiffs' Complaint alleges that Defendant was made aware by third parties who it does business with of Defendant's obligation to truncate its electronically printed receipts prior to the subject receipts being provided to Plaintiffs and the class. (Complt. ¶ 24). This Court has held a FACTA complaint to be sufficient where the plaintiff alleged the defendant, "knew, or should have known, of the enactment of FACTA and the FACTA requirements under Section 1681c(g) since 'VISA, MasterCard, the PCI Security Standards Council -- companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed' [the defendant] about the requirements of FACTA and the need for [the defendant] to comply with the statute." *Leiblys*, 502 F. Supp. at 784-5.

In *Zaun v. Tuttle, Inc.*, 10-2191 (DWF/JJK), 2011 U.S. Dist. LEXIS 47916 (D. Minn. May 4, 2011), the court found that the plaintiff had sufficiently plead a willful violation of 15 U.S.C. § 1681c(g)(1) where the allegations were that the enactment of FACTA and the 2008 Clarification Act was well publicized, the defendant was informed a third party that it needed to upgrade its point of sales terminals to comply with the law. *Id*. at * 6-7; *Buechler v. Keyco, Inc.*, WDQ-09-2948, 2010 U.S. Dist. LEXIS 40197 * 10 (W.D. Md. Apr. 22, 2010) (denying the defendant's motion to dismiss where the allegations described "the well-publicized enactment of

5

FACTA provision in 2003; FTC guidance; the 2007 Clarification Act (which required expiration date truncation); similar requirements in the private sector; and FACTA compliance by its competitors[.]").

By way of another example in the copyright context, "Courts have found willful violation of the [ ] laws where the infringer *received notice of his legal responsibilities under the [ ] Act* before the infringement occurred." *Broad. Music, Inc. v. Miller Assocs.,* CA 04-1711, 2006 U.S. Dist. LEXIS 81376 * 19 (W.D. Pa. Oct. 25, 2006) (emphasis added) (*citing Swallow Turn Music v. Wilson*, 831 F. Supp. 575, 580 (E.D. Texas 1993) (*citing Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir. 1991)). Plaintiffs' allegation of being provided notice alone is sufficient to support a finding of willfulness. *Id*.

Plaintiffs Complaint also alleges that Defendant in order to accept Visa credit cards contractually agreed to truncate credit card's expiration dates. (Complt. ¶¶ 26-27). Such an allegation at the pleading stage is sufficient to support that Defendant acted willfully. *Troy v. Home Run Inn, Inc.*, 2008 U.S. Dist. LEXIS 30038, 2008 WL 1766526, *2 (N.D. Ill. 2008) (complaint alleged that "credit card issuers like VISA, MasterCard, Discover, and American Express informed Home Run Inn about FACTA's requirements and required compliance via contract."). *Home Run Inn*'s holding is well founded as under Illinois law courts "must presume that [parties to a contract] read and understood the unambiguous terms of the contract." *Terry v. State Farm Mut. Auto. Ins. Co.*, 287 Ill. App. 3d 8, 15, 677 N.E.2d 1019, 1024 (Ill. App. 1997); *see Rosenthal & Co. v. Rosario*, 86 C 2922, 1987 U.S. Dist. LEXIS 6185 * 5 (N.D. Ill. July 9, 1987) ("A party to a contract is presumed to have read the contract he signed."); *See also Villasenor v. Am. Signature, Inc.*, 06 C 5493, 2007 U.S. Dist. LEXIS 49299 * 23 (N.D. Ill. July 9, 2007) (citation omitted) ("parties to contracts are presumed to have read and understood them

6

and that a signatory is bound by a contract that he or she willingly signed."). As such, because of the alleged contractual duty Defendant was under to truncate its credit cards and did not do so, it is plausible to find, given the presumption of contracts, that Defendant willfully ignored its obligation.

Plaintiffs allege that Defendant was printing non-FACTA compliant receipts at multiple locations over more than a one-year period. (Complt. ¶¶ 37-40). A willful violation of the FCRA may be evidenced by repeated instances of the same violation. *See Evantash v. G.E. Capital Mortgage Servs., Inc.*, No. CIV.A.02-1188, 2003 U.S. Dist. LEXIS 23131, 2003 WL 22844198, at *8 (E.D. Pa. Nov. 25, 2003) (declining to grant the defendant summary judgment on the plaintiff's claim of willful noncompliance with the FCRA where there was evidence that defendant's conduct was more than an "isolated instance of human error which defendant promptly cured").

Plaintiffs have also alleged that the printing of the expiration date was intentional because the software of the point of sales terminals used by Defendant needed to be programmed specifically to read the expiration date off cards' magnetic strips and case those numbers to be printed on the receipts. (Complt. ¶ 41-43). "Our law is therefore no stranger to the possibility that an act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that her conduct violated the law." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1611-12 (2010).

Plaintiffs' Complaint also contains allegations of the ubiquitous material made public about the need to truncate expiration dates under FACTA. *See* (Compl. ¶¶ 17-19, 22-23, 26, 28-29, 33, 35). Such allegations support a sufficient pleading of willfulness as it demonstrates that a defendant failed to ascertain a well-publicized law. *Leiblys*, 502 F. Supp. at 785 (noting the

7

plaintiff alleged that a "number of public statements have been made to the media by the credit card companies and that the credit card issuing organizations required compliance by merchants prior to FACTA's effective date. In addition, [the plaintiff] claims in the amended complaint that many of the [defendant's] business peers and competitors programmed their card machines and devices to comply with FACTA.").

Finally, Plaintiffs have also alleged that, "FACTA was intended to 'protect consumers from identity thieves' and 'to limit the number of opportunities for identity thieves to 'pick off' key card account information.'" (Complt. ¶ 2) (*quoting Barbieri v. Redstone Am. Grill, Inc.*, 07 C 5758, 2009 U.S. Dist. LEXIS 9309 * 3-4 (N.D. Ill. Feb. 6, 2009) (*quoting* S. Rep. No. 108-166, at 3 (2003)); *Cicilinnev. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831 (N.D. Ill. 2008); *Mexican Specialty Food, Inc.*, 564 F.3d at 1306. This Court has held that, "alleg[ations] in the amended complaint that the United States Congress enacted FACTA in order to help prevent identity theft by individuals who steal the identity of others by acquiring one's credit card number and expiration date" supports a finding the a plaintiff has sufficiently alleged a cause of action under FACTA. *Leiblys,* 502 F. Supp. 785. For all of these reasons above, Plaintiffs' have sufficiently plead facts that plausibly demonstrate that Defendant willfully violated 15 U.S.C. § 1681c(g)(1).

II. **THE 2008 CLARIFICATION ACT DOES NOT RENDER AN ALLEGATION THAT A DEFENDANT WILLFULLY VIOLATED FACTA IMPLAUSIBLE**

Defendant next agruges that under Congress' findings in the 2008 Clarification Act it is implausible to ever allege that a defendant willfully violated FACTA for not truncating the expiration date. Defendant's assumption is wrong. The Clarification Act, as codified in 15 U.S.C. § 1681n(d), is unambiguous and extended the time to June 3, 2008, in which merchants were required to stop printing expiration dates on receipts by retroactively removing all liability under 15 U.S.C. § 1681(c)(g) for the printing of an expiration date only on a receipt. Section

1681n(d) does not prospectively remove the possibility that a merchant who after June 3, 2008, prints an expiration date on a receipt could be found to have willfully violated 15 U.S.C. § 1681(c)(g)(1). 15 U.S.C. § 1681n(d) provides:

> (d) Clarification of willful noncompliance
> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c (g) of this title for such receipt shall not be in willful noncompliance with section 1681c (g) of this title by reason of printing such expiration date on the receipt

In support of its Argument Defendant states, "As a threshold matter, reading FACTA as requiring truncating the credit card number but not also the removal of the expiration date *is not unreasonable*." (Def. Memo. p. 10) (emphasis added). Defendant's position is without merit as 15 U.S.C. § 1681c(g)(1)'s requirements are not vague. *Leiblys*, 502 F. Supp. at 785 ("a retailer must print no more than five digits of a card number, and a retailer must also remove the expiration date from the credit card receipt."); *Follman v. Hospitality Plus of Carpentersville, Inc.,* 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D. Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.*, 07 C 3767, 2007 U.S. Dist. LEXIS 92585 (N.D. Ill., Dec. 18, 2007).

Indeed *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 69-70 (2007) and *Shlahtichman v. 1-800-Contacts, Inc.,* 615 F.3d 794, 803 (7th Cir. 2010), slams the door shut on Defendant's vagueness argument as a court is to look to any opinion of a Court of Appeals or guidance by the Federal Trade Commission ("FTC") regarding the provision of the FCRA. In May 2007 the FTC provided guidance expressly stating that expiration dates needed to be truncated and even provided a picture of how a properly truncated receipt should look like. (Complt. ¶ 28).

Even though Congress retroactively removed liability for the printing of expiration dates prior to June 4, 2008, it purposefully decided to leave intact the truncation requirement for

9

expiration dates and required business to strictly comply moving forward. *Barbieri*, 2009 U.S. Dist. LEXIS 9309 at * 8 (*quoting* 154 Cong. Rec. S4440 (May 20, 2008)(in introducing the proposed bill, Senator Schumer noted that "Going forward, companies will still have to meet the same strict rules Congress originally passed in fact."); 154 Cong. Rec. E925 (May 14, 2008) (Congressman Mahoney and Congressman Maloney both stating that the Clarification Act "does not eliminate a business's obligation to properly truncate account number or to redact the expiration date from its receipts."). Congress' decision to leave the expiration date truncation requirements in tact demonstrates that there is indeed a hard to quantify harm to which statutory damages are available as a remedy. *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 953 (7th Cir. 2006); *Harris v. Mexican Specialty Foods*, 564 F.3d 1301, 1310 (11th Cir. 2009) (internal citation omitted) ("This court has recognized that even though statutory damages may be used in cases where no actual damages were incurred, they are also often employed where damages are "difficult or impossible to calculate. Thus, it is possible that members of the proposed classes [in this failure to truncate FACTA case] have suffered actual harm, but that such harm is small or difficult to calculate."); *See also Keller v. Macon County Greyhound Park, Inc*., CASE NO. 3:07-CV-1098-WKW [WO], 2011 U.S. Dist. LEXIS 45608 * 12 (M.D. Ala. April 25, 2011) ("Assuming, but not deciding, that the printing of the non-truncated receipts in violation of FACTA does create a 'high risk of harm'").

Most notably in *Hepokoski v. Brickwall of Chi., LLC*, 09 C 611, 2009 U.S. Dist. LEXIS 122389 (N.D. Ill. Sept. 22, 2009) in a well analyzed opinion, Judge St. Eve rejected the same type of argument that Defendant makes here; the Clarification Act bars any FACTA claim for failure to truncate an expiration date after June 3, 2008. The pertinent part of Judge St. Eve's opinion is as follows:

At issue in the present motion is whether statutory damages are available for claims asserting willful noncompliance with FACTA by virtue of a merchant's failure to truncate a credit card expiration date on a point of sale receipt for claims arising after June 3, 2008. Specifically, [the defendant] argues that the language of Section 1681n(d) is ambiguous, and thus the Court must turn to extrinsic evidence which establishes that the Clarification Act bars any FACTA claim for failure to truncate an expiration date after June 3, 2008. Plaintiffs, on the other hand, maintain that the language in Section 1681n(d) is unambiguous and that based on the plain language of the statute, Section 1681n(d) simply acts as an extra grace period or 'safe harbor' for merchants until June 3, 2008.

* * *

The language of the Clarification Act is clear and unambiguous -- it extends the original three-year grace period under Section 1681c(g)(1) from December 4, 2004 until June 3, 2008. The date of June 3, 2008 is the end of this grace period because there is no language in Section 1681n(d) that places limits on liability for conduct after June 3, 2008. In short, 'the express language of the Clarification Act effectively eliminated any claim for a willful violation of FACTA based on the alleged failure to delete the expiration date from a receipt issued between December 4, 2004, and June 3, 2008.' *Barbieri v. Redstone Am. Grill, Inc.*, No. 07 C 5758, 2009 U.S. Dist. LEXIS 9309, 2009 WL 290467, at *2 (N.D. Ill. Feb. 6, 2009); see also *Steinberg v. Stitch & Craft, Inc.*, 09-60660-CIV, 2009 U.S. Dist. LEXIS 72908, 2009 WL 2589142, at *3 (S.D. Fla. Aug. 18, 2009) ('the clear terms of the statute place no limits on liability for acts occurring after June 3, 2008'); *Rosenthal v. Longchamp Coral Gables LLC*, 603 F. Supp. 2d 1359, 1361 (S.D. Fla. 2009) (Clarification Act's safe harbor extended to June 3, 2008).

Meanwhile, [the defendant] does not point to any language in the statute or any expressed legislative intent that the Clarification Act is prospective, namely, that it applies after June 3, 2008. See *Rosenbohm*, 564 F.3d at 823. Instead, [the defendant] argues that the Clarification Act is ambiguous because it does not indicate how it applies prospectively. Based on this ambiguity, [the defendant] asks the Court to consider the 'Findings' enacted with the Clarification Act, which -- according to [the defendant] -- establish that the Clarification Act applies both retroactively and prospectively without limitation. [the defendant]'s argument is illogical. If Congress wanted the Clarification Act to apply prospectively and without limitation -- thereby eliminating the failure to truncate expiration dates as constituting willful compliance -- Congress would have eliminated the June 3, 2008 end date from the Clarification Act or amended Section 1681c(g)(1) eliminating expiration dates as a basis of liability altogether. Instead, Congress set forth the precise dates of retroactivity extending the three-year grace period under Section 1681c(g)(1) from December 4, 2004 until June 3, 2008. Because [the defendant]'s reading of Section 1681n would render the end date of June 3, 2008 surplusage, any such interpretation must fail. See *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ('It is our duty 'to give effect, if possible, to every clause and word of a statute.'') (citation omitted). Therefore, the Court denies [the defendant]'s motion to dismiss based on its interpretation of the Clarification Act.

*Brickwall*, at * 5-9.

Further supporting Plaintiff position is the fact that when Congress wants to abolish a cause of action under the FCRA it knows how to do it. *E.g. GMAC Mortg. Corp.*, 434 F.3d at 951 (The FACTA amendments to the FCRA "abolishes private remedies for violations of the clear-disclosure requirement, which in the future will be enforced administratively[.]"); *e.g. Perry v. First Nat'l Bank*, 459 F.3d 816, 822-23 (7th Cir. 2006) (noting that "section 312(f) of the FACTA amendments provides that '[n]othing in this section, the amendments made by this section, or any other provision of this Act shall be construed to affect any liability under section 616 or 617 of the Fair Credit Reporting Act (15 U.S.C. [§§ ] 1681n, 1681o) that existed on the day before the date of enactment of this Act. * * * The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."); 15 U.S.C. § 1681c(g)(2) (Congress carved out an exception to the "any receipt" provision 15 U.S.C. § 1681c(g)(1) by removing liability from handwritten or imprinted receipts).

There simply is no language in The Clarification Act, as codified in 15 U.S.C. § 1681n(d) that demonstrates Congress intended to remove liability for the printing of an expiration date after June 3, 2008. Congress also left intact the punitive damages provision for a willful violation of FACTA without regard to whether the plaintiff was seeking only statutory damages. 15 U.S.C. § 1681n(a)(2).

The United States has also formally taken the position that there is liability under 15 U.S.C. § 1681c(g)(1) for printing the expiration dates after June 3, 2008, as demonstrated by its intervening brief filed in *Brickwall*. The United States' position, in part, is as follows:

> Violations involving only the printing of the expiration date that occurred after the Clarification Act's enactment remain subject to private lawsuits alleging willfulness and seeking damages under § 1681n. Thus, where the only willful violation of FACTA that appears on a receipt is the printing of the card's expiration date, there is no liability for

12

statutory damages when the receipt was printed between December 4, 2006, and June 3, 2008; ***but there is liability for such damages if the receipt was printed after June 3, 2008. 15 U.S.C. § 1691n(d).***

*Brickwell of Chicago*, 09 C 611, Doc. 37, p. 5, Response of the United States in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, (N.D. Ill. June 23, 2009) (emphasis added) (Appendix 1).

The Unites States in *Brickwell* squarely rejected the argument that Congress found no harm in the printing of an expiration date. *Id*. p. 8 ("[The defendant] characterizes the finding on which it relies as follows: 'Congress found that printing an expiration date does not present any risk or injury to the consumer's identity or credit.' Def. Motion at 14. Congress found no such thing. * * * Congress clarified that printing of an expiration date on any receipt issued 'between December 4, 2004, and June 3, 2008,' without any other violation appearing on the receipt, would not constitute willful noncompliance with FACTA. 15 U.S.C. § 1691n(d)."). The United States further stated:

> It was in this context that Congress made the finding, mischaracterized by [the Defendant], that 'Experts in the field agree that proper truncation of the card number, by itself, . . . regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card fraud.' Pub.L. 110-241, § 2(a)(6). Nonetheless, and despite the view of these 'experts,' Congress expressly made the printing of a card's expiration date after June 3, 2008, even on a receipt on which the card number is properly truncated, a violation. It is Congress that determines what its laws require and prohibit; and ***Congress, having acted to remedy any prior misunderstanding with respect to FACTA's expiration date prohibition, determined that the willful printing of a card's expiration date on a receipt after June 3, 2008, justifies statutory damages***.

*Id.*, pp. 9-10 (emphasis added)

Plaintiffs urge this Court to adopt Judge St. Eve's opinion and the United States' position in *Brickwall*.

13

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs request this Honorable Court to deny Defendant's motion to dismiss as they have sufficiently stated a cause of action under FACTA and the 2008 Clarification Act does not bar a finding of willfulness where a defendant has printed only the credit or debit card's expiration date.

          Respectfully submitted,

          s/ Curtis C. Warner
            Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **July 26, 2011**, I filed electronically **Plaintiffs' Response in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss** using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered to the following:

James Boland  jboland@freebornpeters.com
Gia F. Colunga gcolunga@freebornpeters.com
Kelly L. Guzmán kguzman@freebornpeters.com
Freeborn & Peters LLP
311 S. Wacker Dr., Ste. 3000
Chicago, IL 60606

                                          Respectfully submitted,

                                          s/ Curtis C. Warner
                                              Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820  (TEL)
cwarner@warnerlawllc.com