IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARQUITA SANDERS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11 C 3557 |
| | ) |
| W&W WHOLESALE INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant W&W Wholesale Inc.'s (W&W) motion to dismiss. For the reasons stated below, the motion to dismiss is denied.

**BACKGROUND**

Plaintiffs are individuals that allegedly used their credit cards in 2010 and 2011 at W&W's stores and were allegedly provided printed receipts containing the expiration dates of their credit cards. Plaintiffs contend that by printing the expiration dates on the credit card receipts W&W violated 15 U.S.C. § 1681c(g)(1) of The Fair and Accurate Credit Transactions Act of 2003 (FACTA). Plaintiffs also allege that W&W willfully violated FACTA. W&W moves to dismiss the instant

1

action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

W&W concedes that the allegations in the complaint suggest non-compliance with FACTA, but argues that Plaintiffs have not alleged sufficient facts to show that

any non-compliance was willful. Willfulness under FACTA is defined as "recklessness-something more than negligence but less than knowledge of the law's requirements." *Murray v. New Cingular Wireless Services, Inc.*, 523 F.3d 719, 726 (7th Cir. 2008)(citing *Safeco Insurance Co. v. Burr*, 551 U.S. 47 (2007)); *see also Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803-04 (7th Cir. 2010)(explaining that willfulness under FACTA was defined in *Safeco*).

I.  Clarification Act

W&W argues that FACTA is not clearly written and that W&W was merely confused or negligent when it failed to comply with the requirements of FACTA. W&W argues that the fact that Congress passed The Credit and Debit Card Receipt Clarification Act of 2007, Pub.L. No. 110-241, 122 Stat. 1565 (Clarification Act), clarifying provisions in FACTA, shows that FACTA is unclear and W&W was justified in its misunderstanding. FACTA provides the following:

> (g) Truncation of credit card and debit card numbers
> (1) In general
> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

15 U.S.C. § 1681c(g). The amount of civil liability for a willful violation of FACTA

3

is provided in 15 U.S.C. § 1681n. The Clarification Act provides in 15 U.S.C. § 1681n the following:

> (d) Clarification of willful noncompliance
>
> For the purposes of this section, any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of section 1681c(g) of this title for such receipt shall not be in willful noncompliance with section 1681c(g) of this title by reason of printing such expiration date on the receipt.

15 U.S.C. § 1681n(d). The Clarification Act thus "provided a (partial) safe harbor to vendors who merely printed the expiration date of a consumer's credit or debit card on a receipt prior to June 3, 2008, by declaring that this limited violation of the statute would not amount to a willful violation of the statute." *Shlahtichman*, 615 F.3d at 796. However, in the instant action, the alleged violations occurred well after June 2008 when the Clarification Act was enacted. The existence of the Clarification Act actually undercuts W&W's position that it was somehow confused since Congress had already provided the relevant clarification well before W&W engaged in the alleged violations. In addition, to the extent that W&W attempts to argue that it was merely negligent or confused in regard to the requirements of FACTA, such arguments concerning the merits of the claims are premature and not proper at the motion to dismiss stage.

II.  Allegations of Willfulness

W&W argues that Plaintiffs fail to allege facts to suggest willfulness. However, issues concerning a state of mind such as knowledge or willfulness often involve fact-intensive inquiries and are not ordinarily resolved at the motion to dismiss stage. *See United States v. Sabbia*, 2011 WL 1900055, at *6 (N.D. Ill. 2011)(indicating that the defendants' intent was a "factual matter that is premature to address at" the motion to dismiss stage).  At the motion to dismiss stage, the allegations must be accepted as true and viewed in the light most favorable to the plaintiff.  *Iqbal*, 129 S.Ct. at 1949.  Plaintiffs have provided allegations from which it can be plausibly inferred that W&W may have acted willfully.  For example, Plaintiffs allege W&W engaged in the FACTA violations in multiple store locations during two separate time periods.  (Compl. Par. 37-40).  Plaintiffs also allege that the credit card companies inform retailers such as W&W of FACTA requirements when the credit card companies provide services to retailers.  (Compl. Par. 17-23). Plaintiffs also allege that W&W agreed in its contract with VISA that it would comply with FACTA.  (Compl. Par. 17-23).  Plaintiffs contend that W&W was also made aware of FACTA's requirements by the company that provided W&W with the point-of-sale credit card terminals.  (Compl. Par. 24-25).  In addition, Plaintiffs allege that FACTA requirements are readily available on multiple public websites

and could easily have been accessed by W&W. (Compl. Par. 28-29). Plaintiffs also allege that W&W's business peers were able to comply with FACTA. (Compl. Par. 35). Plaintiffs also allege that in order for W&W to print the receipts with the expiration dates, W&W needed to enter a special code on its own to add that feature to the receipts. (Compl. Par. 41-43). Finally, as W&W itself points out, the Clarification Act was passed years before W&W's non-compliance. Plaintiffs have not been allowed to conduct discovery in this case and cannot be expected to have any more detailed insight into the state of mind of individuals working for W&W at this juncture. While Plaintiffs' allegations, even if true, do not on their face conclusively show W&W acted willfully, they are sufficient at the motion to dismiss stage to plausibly suggest a willful violation of FACTA. Whether W&W was simply acting negligently, as it claims, is a factual issue that cannot be resolved at the motion to dismiss stage. *Zaun v. Tuttle, Inc.*, 2011 WL 1741912, at *2 (D. Minn. 2011)(concluding that the plaintiff had alleged sufficient facts regarding willfulness); *Buechler v. Keyco, Inc.*, 2010 WL 1664226, at *3 (D. Md. 2010)(concluding that the plaintiff's "complaint plausibly alleges a willful violation of FACTA"). Plaintiffs will have to point to sufficient evidence to support their willfulness claim at the summary judgment stage. Therefore, the motion to dismiss is denied.

## CONCLUSION

Based on the foregoing analysis, W&W's motion to dismiss is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   October 12, 2011