IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARQUITA SANDERS, et al.,          )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   No. 11 C 3557
                                    )
W&W WHOLESALE INC.,                 )
                                    )
        Defendant.                  )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for class certification. For the reasons stated below, the motion is granted.

# BACKGROUND

Plaintiffs are individuals who allegedly used their credit cards in 2010 and 2011 at Defendant W&W Wholesale Inc.'s (W&W) stores and were allegedly provided printed receipts containing the expiration dates of their credit or debit cards. Plaintiffs contend that by printing the expiration dates on the credit or debit card receipts, W&W violated 15 U.S.C. § 1681c(g)(1) of the Fair and Accurate Credit Transactions Act of 2003 (FACTA). Plaintiffs also allege that W&W willfully

1

violated FACTA. Plaintiffs now move to certify a class pursuant to Federal Rule of Civil Procedure 23.

## LEGAL STANDARD

A plaintiff can move for class certification pursuant to Federal Rule of Civil Procedure 23(a) (Rule 23(a)), which provides the following:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Seventh Circuit has indicated that "[c]ertification as a class action can coerce a defendant into settling on highly disadvantageous terms regardless of the merits of the suit," and thus a class can be certified by a court only if the court is convinced "*after a rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(emphasis in original)(internal quotations omitted). The certification of a class in a case is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores,*

*Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011)(quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).

A court may certify a class if the "numerosity, commonality, typicality, and adequate representation" requirements of Rule 23(a) are met and one of the requirements of Federal Rule of Civil Procedure 23(b) (Rule 23(b)) are also met. Fed. R. Civ. P. 23(b); *Dukes*, 131 S.Ct. at 2548-50; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(stating that a "district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)-numerosity, commonality, typicality, and adequacy of representation-and any one of the conditions of Rule 23(b)"); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits"); *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

# DISCUSSION

Plaintiffs seek to certify the following class:

> All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois from May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date.

(Mot. Cert. 1).

## I. Numerosity, Commonality, Typicality and Rule 23(b) Requirements

Plaintiffs argue that the requirements in Rule 23(a) are satisfied in this case and that, in accordance with Rule 23(b), "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). In W&W's initial response to the instant motion, W&W did not offer any arguments disputing that the Rule 23(a) requirements of numerosity, commonality, and typicality are satisfied. Nor did W&W offer any arguments disputing that the predominance and superiority requirements of Rule 23(b) are satisfied. W&W stated only that W&W reserved the right to present arguments as to such factors if the court found that Plaintiffs had satisfied the adequacy requirements. (Ans. Mot. 1).

4

On August 7, 2012, the court noted that W&W had not completely responded to Plaintiffs' motion for class certification, but had indicated that W&W reserved the right to respond to certain issues presented in Plaintiffs' motion for class certification. The court stated that Plaintiffs' motion relating to class certification will be ruled upon in its entirety, rather than in a piecemeal fashion, and the court provided the parties with additional time to file supplemental memoranda relating to the motion for class certification. The court further warned W&W that failure to answer in full may result in an adverse ruling as to any unaddressed issues.

Both sides have filed supplemental memorandums. W&W admits in its supplemental memorandum that it cannot in good faith argue that the Rule 23(a) requirements of numerosity, commonality, and typicality are not satisfied or that the predominance and superiority requirements of Rule 23(b) are not satisfied. (Supp. Ans. Mot. 3-4). W&W also recognizes that classes have been repeatedly certified in FACTA cases similar to the instant action, and W&W acknowledges "the overwhelming precedent in favor of certification." (Supp. Ans. Mot. 3-4). The court agrees that such requirements are satisfied. W&W admits that more than 2,500 Discover Card transactions alone fall within the proposed class period. (P Ex. 2). There is sufficient evidence to show that during the two-year class period, when W&W was allegedly printing receipts that violated FACTA, W&W executed

5

sufficient credit or debit card transactions such that there is a sufficient number of class members to satisfy the numerosity requirement. In addition, the claim of each proposed class member will involve the same nucleus of operative facts regarding whether W&W printed a receipt for the proposed class member that included the credit or debit card expiration date upon it, which shows commonality. Plaintiffs' claims are premised on the same basic facts and legal theories and are typical of proposed class members' claims, which shows typicality. Plaintiffs have also shown that Rule 23(b)(3)'s requirement is met, in that there are questions of law or fact common to class members that predominate over any questions affecting only individual members, and in that a class action is superior to other available methods for fairly and efficiently adjudicating the dispute in this case. Therefore, the Rule 23(a) requirements of numerosity, commonality, and typicality are satisfied in this case, and the predominance and superiority requirements of Rule 23(b) are satisfied in this case.

II. Adequacy of Class Counsel

W&W argues that Plaintiffs' counsel has engaged in misconduct. The court notes that this argument would not negate class certification in this case, but rather relates to the appropriate class counsel to be appointed by the court. If a court

certifies a class, the court must appoint class counsel pursuant to Rule 23(g), which provides the following:

> (g) Class Counsel.
>
> (1) *Appointing Class Counsel.* Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
>
> (A) must consider:
>
> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class;
>
> (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class; . . .
>
> (2) *Standard for Appointing Class Counsel.* When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4). If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class.

Fed. R. Civ. P. 23(g). A court should not appoint counsel as class counsel if "counsel have demonstrated a lack of integrity that casts serious doubt on their trustworthiness as representatives of the class" such that "[t]here is no basis for confidence that they would prosecute the case in the interest of the class, of which they are the fiduciaries, . . . rather than just in their interest as lawyers who if successful will obtain a share of any judgment or settlement as compensation for

7

their efforts." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2011)(explaining that "[c]lass counsel owe a fiduciary obligation of particular significance to their clients when the class members are consumers, who ordinarily lack both the monetary stake and the sophistication in legal and commercial matters that would motivate and enable them to monitor the efforts of class counsel on their behalf," and that "[t]he court takes the place, as monitor of counsel, of the nominal clients"). The Seventh Circuit has explained that "[w]hen class counsel have demonstrated a lack of integrity, a court can have no confidence that they will act as conscientious fiduciaries of the class." *Id.*

W&W has not shown that Plaintiffs' counsel engaged in misconduct in this case that would disqualify him as class counsel, nor shown that he has a lack of integrity and will not act in the best interest of class members. W&W criticizes Plaintiffs' counsel for seeking to amend the complaint several times, but W&W has not shown that Plaintiffs' counsel failed to seek leave from the court in accordance with the law, or that Plaintiffs' counsel knowingly presented any false or misleading information to the court or failed to adequately investigate the facts in this case prior to bringing the instant action. Plaintiffs' counsel has offered an adequate explanation for his amendment of the complaint as he discovered certain facts relevant to this case. To the extent that Plaintiffs' counsel has decided to remove Plaintiffs that lack

standing in this case, such steps show a willingness to comply with the law rather than an attempt to deceive the court. The mere fact that a plaintiff's counsel facing legal objections raised by a defendant decides it is prudent to amend a complaint in response to such objections does not show that the plaintiff's counsel attempted to intentionally deceive the court in the original complaint. W&W also contends that Plaintiffs' counsel engaged in misconduct because he changed the definition of the proposed class in this case. The Federal Rules of Civil Procedure permit the amendment of a complaint and the amendment of the proposed class definition in such a complaint, and W&W has not shown that Plaintiffs' counsel acted outside the law. W&W has thus failed to show that Plaintiffs' counsel engaged in the type of drastically unethical misconduct that would disqualify him as class counsel.

III. Adequacy of Class Representatives

As indicated above, before a court certifies a class, the court must find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Plaintiffs initiated this case with seven named Plaintiffs. After W&W asserted that several Plaintiffs lacked standing to bring claims, Plaintiffs filed the second amended complaint, naming Donna Sanders, Marquita Sanders, Drametta Todd, and Linda Todd as Plaintiffs.

9

### A. Plaintiffs' Motivation and Prior Litigation

W&W argues that Plaintiffs are not adequate class representatives because they repeatedly engaged in purchases from W&W, knowing that violations of FACTA were occurring each time, for no reason other than to acquire legal claims against W&W. W&W also contends that Plaintiffs have been plaintiffs in prior FACTA lawsuits and that Plaintiffs' counsel has even represented Plaintiffs in the prior lawsuits. W&W argues that Plaintiffs are clearly not concerned about identity theft, which FACTA is intended to prevent, and that Plaintiffs are merely seeking a financial windfall. However, even if W&W is correct, W&W has cited no precedent holding that such conduct or motivation on the part of Plaintiffs is prohibited under the law or serves as a legal basis to bar a plaintiff from acting as a class representative, which is the issue currently before the court. Thus, Plaintiffs' alleged motivation and prior litigation do not disqualify them as class representatives.

### B. Donna Sanders

W&W also argues that Donna Sanders showed dishonesty by lying about her involvement in prior litigation. A representative plaintiff "must be trustworthy enough to protect the interests of the class by working to pursue a remedy or settlement that benefits the class as much as it does himself or his counsel," and "a

plaintiff with credibility problems does have interests antagonistic to the class."
*Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 390 (N.D. Ill. 2006). At her deposition, Donna Sanders was asked: "have you been involved in *any* other litigation before?," and Donna Sanders responded: "No." (D Sand. Dep. 6)(emphasis added). Plaintiffs do not dispute that Donna Sanders was in fact a plaintiff in another FACTA action prior to the instant action. (Reply 15). However, it is far from clear that Donna Sanders was intentionally attempting to provide false information during her deposition. The record reflects that Donna Sanders was asked the above question in a line of unrelated questions. It is not clear that Donna Sanders, who is not an attorney, completely understood the question. In addition, the record reflects that when asked specifically about other litigation in which she was involved, Donna Sanders acknowledged the other litigation. Therefore, W&W has not shown Donna Sanders to be sufficiently untrustworthy to disqualify her as a class representative.

C.  Marquita Sanders

W&W also argues that Marquita Sanders will not be an adequate class representative because she will not attend the entire trial in this case. During her deposition, Marquita Sanders was asked if she would be present every day for a week-long trial, and Marquita Sanders responded she would be there if she "was

subpoenaed to court." (Mar. Sand. Dep. 50). When it was explained that she would not be subpoenaed since she was a party, and when she was again asked if she would attend the full trial, she responded: "No." (Mar. Sand. Dep. 51). However, it is unclear from the limited record whether Marquita Sanders would truly be unable to attend the trial or the extent to which she would be absent. Marquita Sanders was not asked how much of a week-long trial she would attend. Nor was Marquita Sanders asked the reason why she might not be able to attend the entire trial. Nor was Marquita Sanders informed that she might be disqualified as a class representative if she were to refuse to attend trial and then asked again whether she would be willing to attend the trial. Based on the limited record presented by W&W, W&W has not shown that Marquita Sanders would be an inadequate class representative.

D. Drametta Todd

W&W also argues that Drametta Todd will not be an adequate class representative because of her prior criminal history. Prior criminal convictions can show dishonesty and can be a basis to bar an individual from acting as a class representative. *See, e.g., Pope*, 240 F.R.D. at 390. Plaintiffs do not dispute that Drametta Todd has multiple convictions for felony retail theft, and she stated at her

12

deposition that she had been arrested for retail theft "probably a million" times. (Dram. Todd. Dep. 13-14). Based upon such a prior criminal history, Drametta Todd is not an adequate class representative.

### E. Linda Todd

W&W also argues that Linda Todd will not be an adequate class representative because of her prior criminal history. W&W argues that Linda Todd has a prior conviction for retail theft. Linda Todd contends that the one conviction was a misdemeanor offense that occurred in 2002 or 2003. (Reply 10). A misdemeanor conviction that occurred approximately a decade ago is not alone a sufficient basis to conclude that Linda Todd should be barred from acting as a representative of the class. Therefore, W&W has not shown Linda Todd to be sufficiently untrustworthy to disqualify her as a class representative. Thus, based on the above, the record before the court indicates that Donna Sanders, Marquita Sanders, and Linda Todd are adequate class representatives, and Plaintiffs have shown that the requirements of Rule 23(a) and Rule 23(b) are met in this case with respect to such Plaintiffs.

## IV. *Walmart* and *Bolden*

In *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), the Supreme Court recently emphasized that a "class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," and that "[i]n order to justify a departure from that rule, a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Id.* at 2551 (internal quotations omitted)(quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979), and *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The Court in *Wal-Mart* also held that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury. . . ." *Id.* at 2551. In *Bolden v. Walsh Const. Co.*, 2012 WL 3194593 (7th Cir. 2012), the Seventh Circuit addressed *Wal-Mart* and emphasized that in the context of a class action brought against an employer, commonality requires that the class of employees in different stores or under different supervisors must have been subjected to a uniform policy. *Id.* at *1-*3. The Seventh Circuit in *Bolden* also indicated that a sub-class of only 7 to 15 members would not satisfy the numerosity requirement. *Id.* at *5. In the instant action, the class members all suffered the same injury, namely that W&W printed a credit or debit card receipt for each class member with the class member's credit or debit card expiration date printed on the receipt. Unlike in *Wal-Mart*, this case does not involve employees working at different stores, employees

14

working for different supervisors, or a non-uniform employment policy, and unlike in *Bolden*, there are not any small subclasses that would fail to satisfy the numerosity requirement. Therefore, based on the above, the motion for class certification is granted.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for class certification is granted. However, Drametta Todd will not be permitted to serve as a class representative.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 11, 2012