**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARQUITA SANDERS, DONNA SANDERS, and LINDA TODD, individually and on behalf of a class, | ) ) ) | |
| | ) | No. 11 C 3557 |
| Plaintiffs, | ) | |
| | ) | Judge Der-Yeghiayan |
| v. | ) | |
| | ) | Magistrate Judge Rowland |
| W&W WHOLESALE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF
LINDA TODD'S INDIVIDUAL CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant W&W Wholesale, Inc., d/b/a Just 4 Kidz, by and through counsel, and for its *Motion to Dismiss Plaintiff Linda Todd's Individual Claim Pursuant to Fed. R. Civ. P. 12(b)(6)*, states as follows:

**I.      INTRODUCTION.**

On November 7, 2012, Plaintiffs Marquita Sanders, Donna Sanders, and Linda Todd, individually, and on behalf of all others similarly situated (collectively "Plaintiffs"), filed their Third Amended Complaint in this matter.  (Docket No. 152).  In their Complaint, Plaintiffs allege that Defendant willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g)(1).

Congress passed FACTA in 2003 to assist in the prevention of identity theft and credit and debit card fraud.  FACTA requires merchants to limit the amount of information printed on credit and debit card receipts.  15 U.S.C. § 1681c(g)

Specifically, section 1681c(g)(1), under which Plaintiffs seek relief, provides in relevant part:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt **provided to the cardholder at the point of the sale or transaction.**

15 U.S.C. § 1681c(g)(1) (emphasis added).

Therefore, to state a claim for a violation of section 1681c(g)(1), a plaintiff must allege, *inter alia*, that the defendant *provided* the plaintiff with a receipt—with either the last 5 digits of the card number or the expiration date printed on it—at the point of the sale or transaction. *Id*.

In this case, Plaintiff Linda Todd failed to allege that Defendant provided to her at the point of sale a receipt with either the last 5 digits of her credit or debit card number or the expiration date printed on it. Accordingly, Linda Todd's individual claim must be dismissed.

## II.    APPLICABLE LEGAL STANDARD.

A motion under Fed. R. Civ. P. 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the Complaint and draws all reasonable inferences in the non-movant's favor. *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

To survive a motion to dismiss for failure to state a claim, the Complaint must overcome two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level[.]' " *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*quoting*

2

*E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)).

## III.   ARGUMENT.

Because Linda Todd failed to allege that Defendant provided a FACTA-noncompliant receipt to her at the point of sale, she has not alleged sufficient facts to state a claim for a FACTA violation on her behalf.   Under the plain language of section 1681c(g), a necessary precondition to a violation of the statute is that Defendant actually provided Linda Todd with a receipt at the point of sale.

In the Complaint, Plaintiffs Marquita Sanders and Donna Sanders alleged that Defendant provided to them at the point of sale a receipt that violated FACTA, inasmuch as their receipts contained the card's expiration date.   (*See* Docket No. 152, ¶¶ 33 and 39).   However, no such allegation is made as to Linda Todd, and her failure to allege this necessary precondition (as required by Rule 12(b)(6)) fails to plausibly suggest that she has a right to relief.

It is not enough to simply allege that Defendant printed proscribed information on a receipt.   Indeed, Judge Chang of this District explicitly recognized this principle in a decision earlier this year in *Todd v. Target Corp.*, stating "if a merchant prints a [receipt] with the banned information but retains the document, then the merchant has not 'provided' a receipt to the cardholder at the point of sale (or at all)."   10 cv 05598, 2012 WL 1080355, *2 (N.D. Ill. Mar. 30, 2012) (Chang, J.).   Judge Chang then went on to describe in detail how a receipt must be "provided" to a plaintiff in order to constitute a FACTA violation.   *Id*. at *3.

The Court should take special note that **Plaintiffs' counsel in this case is counsel of record in *Todd v. Target Corp.*, and, in fact, the named Plaintiff in that case—Drametta Todd—is Linda Todd's sister, and she used to be a Plaintiff in this case before voluntarily dismissing her claim**.   (*See* Docket Nos. 144 and 147).

Therefore, Plaintiffs' counsel should be well aware that a Complaint must allege that a purportedly offending receipt was actually *provided* to the plaintiff at the point of sale, as that was the predominant issue in the *Todd v. Target Corp.* case.

In sum, even if every allegation in the Complaint relative to Linda Todd ultimately proves to be true, she still has not alleged that Defendant violated FACTA with respect to her. Accordingly, dismissal of Linda Todd's individual claim pursuant to Rule 12(b)(6) is required.

WHEREFORE, Defendant W&W Wholesale, Inc., d/b/a Just 4 Kidz, prays that the Court enter an order dismissing Plaintiff Linda Todd's individual claim, and for such other relief as this Court may deem appropriate.

Defendant W&W Wholesale, Inc., d/b/a Just 4 Kidz,

By:  s/Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr.  (IL #6231944)
Adam M. Tamburelli (IL #6292017)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

Counsel for the Defendant