**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARQUITA SANDERS, DONNA SANDERS, LINDA TODD, individually and on behalf of a class, | ) ) ) | 11 C 3557 |
| | ) | Magistrate Judge Rowland |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| W&W WHOLESALE INC., | ) ) | |
| Defendant. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | ) | |
| NATIONAL SURETY CORPORATION; and TRAVERLERS CASUALTY INSURANCE COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, and TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) | |
| Intervenors/Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| W&W WHOLESALE, INC., MARQUITA SANDERS, DONNA SANDERS and LINDA TODD, | ) ) ) ) | |
| Third Party Defendants. | ) | |

**MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

NOW COMES, Plaintiffs Marquita Sanders, Donna Sanders and Linda Todd (the "class

representatives"), by and through their counsel, and requests this Honorable Court to enter an

Order, similar in substance to the proposed agreed order attached as <u>Exhibit 4</u> to the Settlement Agreement, preliminarily approving the parties' settlement on a class basis.

In support of this motion, the class representatives state:

1.      On May 26, 2011, Plaintiffs filed the above-captioned Lawsuit, as amended, on behalf of themselves and the Class (defined below) in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging a negligent and willful violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.      Specifically, Plaintiffs claim that Defendant negligently and willfully violated 15 U.S.C. §1681c(g)(1) in that Plaintiffs and each Class member received from Defendant a printed computer-generated receipt at the point of sale or transaction which displayed their credit or debit card's expiration date after the truncation requirements were received by, known or should have been known by Defendant.

3.      Plaintiffs' final Amended Complaint sought to recover statutory damages in an amount of $100 to $1,000 per willful violation for themselves and for each member of the certified Class.  Plaintiffs did not seek any actual damages for themselves or for the members of the certified Class.  Defendant denies that it willfully violated the FACTA, and it denies that Plaintiffs and the Class members are entitled to any damages.

4.      On September 11, 2012, the Court certified a Class (the "Class") consisting of:

> All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois form May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date.

(Doc. 133).

5.     Defendant estimates that there were over sixty thousand (60,000) transactions during the class time period at its stores in Illinois.

6.     Following the Court certifying the Class, the parties completed discovery, and Defendant had moved to bar Donna Sanders and Linda Todd from serving as class representatives.  Plaintiffs opposed Defendant's motion and are confident that the motion would have been denied and would not have effected this case moving forward with Marquita Sanders at a minimum as being the class representative.  Prior to proceeding on the briefing for summary judgment, given Defendant's purported financials, Plaintiffs agreed to a settlement conference before this Court.

7.     During the parties' June 21, 2013 settlement conference Defendant presented this Court with documentation that purported to be its financials.  Therefore, in considering this motion to preliminarily approve this class action settlement, this Court would be in an informed position on whether the amount of damages that Plaintiffs and the class would be entitled to if Defendant would have been found to have willfully violated the FCRA would be ruinous to the company and would require a reduction in the judgment so that Constitutional thresholds are not offended.  *See Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 954 (7th Cir. 2006).

8.     A settlement was not reached at the settlement conference and the parties continued their negotiations which culminated months later in the Settlement Agreement attached hereto as Appendix A.

9.     The parties, and Defendant's insurance carriers, desire to settle the action based upon the terms and conditions set forth in the Settlement Agreement executed by the parties, and Defendant's insurance carriers, attached hereto as Appendix A.

10.     Defendant denies liability to Plaintiff and the class for the claims alleged herein but considers it desirable that the action and the claims related to the printing of credit card and debit card expiration dates on electronically printed receipts provided to the cardholder alleged within the Complaint as amended be settled.

11.     Counsel for the class representatives believe that given the purported financial information provided by Defendant at the settlement conference, the likelihood of any contribution from Defendant's insurance carriers if this litigation continued, the already prolonged nature of this litigation and the potential detracted litigation that could follow if this matter was not settled, that the proposed settlement between the parties falls within the range of what is a fair, reasonable and adequate settlement for the class members.

12.     Other FACTA class actions have settled in the Northern District of Illinois for the following amounts: *Todd v. HB Windows and Doors, Inc.*, 10 C 4986, Doc. 69, p. 4. (N.D. Ill.) ($1,000 per claim made from a common settlement cash fund.); *Diparvine v. A.P.S., Inc.*, 11 C 6116 (N.D. Ill.) (up to $100 cash for each claiming class member); *Halperin v. Interpark, Inc.*, 07 C 2161, Doc. 99-2, p. 6, (N.D. Ill.) (lesser of $100 or *pro rata* share); *Woods v. Advocate Health and Hospitals Corp.,* 10 C 3630, Doc. 70, p. 5 (N.D. Ill.); ($75 per claimant from a common settlement cash fund); *Aliano v. Joe Caputo and Sons-Algonquin, Inc*, 09 C 910 (N.D. Ill.) (up to $75 cash for each claiming class member); *Beringer v. Standard Parking Corp.*, 07 C 5027, Doc. 201 p. 4 (N.D. Ill.) ($65 per claimant); *Tang v. Pita Inn, Inc.,* 11 C 3833, Doc. 57, p. 3., (N.D. Ill.) ($40 per claim made form common cash settlement fund).

13.     Pursuant to the Settlement Agreement, the parties and Defendant's insurance carriers have agreed to the settlement of this action on the material terms as follows:

(a)     Defendant shall establish a class settlement fund in the amount of $10,000 (ten

4

thousand dollars) (as the "Class Settlement Fund") to pay for all claims of the claiming Class members. Each Class member who submits a valid claim will be entitled to a *pro rata* share of the Class Settlement Fund up to $50.00 (fifty dollars) which will be tendered to the Class members in the form of a cashier's check made payable to W&W Wholesale. This amount is subject to Court approval. W&W Wholesale will accept the check regardless of when a Class member tenders the check to W&W Wholesale (subject to any banking rules or regulations) and shall treat the check just as a gift card would be treated. If a Class member uses the cashier's check to make a purchase in an amount less than the amount of the cashier's check, there will be no refund or payment to the Class member of the unused amount of the cashier's check, and the Class member will forfeit the unused amount. Each Class member who submits a timely and valid claim is entitled only to one check no matter how many purchases they made. Untimely claims will be left to the Court for determination on whether those Class members are entitled to a share of the Class Settlement Fund;

(b) Separate from the Class Settlement Fund, Defendant shall pay the costs of notice. The costs of notice shall be paid by Defendant in the manner and time set forth in Section 13(a) of the Settlement Agreement;

(c) Separate from the Class Settlement Fund, Defendant shall pay as attorney's fees and costs, $60,000 (sixty thousand dollars), in 12 (twelve) monthly payments of $5,000 (five thousand dollars) beginning 14 (fourteen) days after the Effective Date and continuing on the same day each month until fully paid ("Defendant's Monthly Payments"). This amount is subject to Court approval. Defendant's Monthly payments shall be made to "Warner Law Firm, LLC – IOLTA" and sent to Warner Law Firm, LLC, 1400 E. Touhy Ave., Ste. 260, Des Plaines, IL 60018, or any other address as directed by Class Counsel. Defendant's Monthly Payments

shall be sent via a method which provides a tracking number, e.g. FedEx, UPS, or USPS; and

(d)   Separate from any of the monies stated above, National Surety and Travelers each agree to pay $15,000; a total of $30,000 ("Insurance Payment(s)"). The National Surety payment is made under the American Business Coverage Policy No. A S4 AZC 80844633 (the "2009 National Surety Policy") and the American Business Coverage Policy No. AZC 80855531 (the "2010 National Surety Policy") (collectively, the "National Surety Policies") which were issued to Just 4 Kidz as a named insured and which have policy periods, respectively, of September 29, 2009 to September 29, 2010, and September 29, 2010 to September 29, 2011.  The Travelers payment is made under the following insurance policies issued to named insured W&W Wholesale, Inc.: Policy No. I-680-6657L425-ACJ-07, for the policy period September 27, 2007 to September 27, 2008; Policy No. I-680-8694L999-PHX-08, for the policy period September 27, 2008 to September 27, 2009; Policy No. IL-PACP-0536P375-TLC-09, in effect from September 14, 2009 to September 27, 2009; and Policy No. I-680-8694L999-TIA-10, for the policy period September 27, 2009 to September 27, 2010 and cancelled by endorsement effective October 27, 2009 (collectively, the "Travelers Policies").  The $30,000 shall be used to pay: (1) Plaintiffs' costs and attorney's fees, subject to court approval; and (2) incentive awards to the Plaintiffs up to the amount of $2,500 each, subject to court approval.  The checks shall be sent no later than 14 (fourteen) days after the latest date of execution as indicated below and made payable to "Warner Law Firm, LLC – IOLTA c/o Clerk of the Court" and deposited with the Clerk of the Court of the Northern District of Illinois.  Within 14 (fourteen) days after deposit with the Clerk of the Court of both Insurance Payments, National Surety and Travelers shall voluntarily dismiss the complaints that they filed in the Lawsuit.

14. Because the Parties do not know the identity of each class member, notice shall be

6

given to the class members and as follows:

(a) Notice substantially in the form of <u>Exhibit 1</u> attached to the Settlement Agreement shall be published one time in the Lake County News Sun, Elgin Courier News, Aurora Beacon News, Joliet Harold News, Southtown Star, Bloomindale Press, North Riverside Suburban Life and the Chicago Tribune within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court;

(b) Class Counsel separate of the preliminary approval motion will petition the Court to determine whether under Rule 23 and Defendant's leases Notice substantially in the form of <u>Exhibit 2</u> attached to the Settlement Agreement shall be placed in a conspicuous place not disruptive to the flow of customer traffic, within each of Defendant's stores in Illinois for (45) days after the date on which the Preliminary Approval Order is entered by the Court. If in-store notice is approved by the Court, Defendant will have available upon request at its stores in Illinois copies of the Claim Form in the form of <u>Exhibit 3</u> attached to the Settlement Agreement.

(c) Within 28 (twenty-eight) days after the entry of the Preliminary Approval Order, Defendant shall post at the top of its website <u>www.kidsclubstores.com</u> home page the following Notice:

---

## <u>NOTICE OF PENDENCY OF CLASS ACTION</u>

TO: All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois form May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date. Please follow the link and read the notice carefully, it may affect your legal rights.

### <u>Please Click on this Link for the Full Legal Notice</u>

---

Upon clicking the link, the reader will be redirected to the Notice, in the form of Exhibit 2, attached to the Settlement Agreement, with the last page containing a Claim Form in the form of Exhibit 3, attached to the Settlement Agreement.

d) Within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, Class Counsel shall cause notice in substantially the form of Exhibit 2 attached to the Settlement Agreement, and a Claim Form in the form of Exhibit 3, attached to the Settlement Agreement, along with the last Amended Complaint, Defendant's last answer, a copy of the memorandum on class certification, and a copy of the preliminary approval order to be published on Class Counsel's website, http://warnerlawllc.com/Class_Action_Notices.html

15.     Pursuant to the Parties' agreement Plaintiffs are filing a separate motion for the Court to rule on whether Defendant is required to post notice of the settlement in its Illinois stores and to provide claim forms in the form of Exhibit 3, attached to the settlement agreement to persons who request a claim form.

16.     The Seventh Circuit, "insist[s] that district courts 'exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions.' In the past, we have gone so far as to characterize the court's role as akin 'to the high duty of care that the law requires of fiduciaries.'" *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 652-53 (7th Cir. 2006) (*quoting Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279-80 (7th Cir. 2002)).  In this consumer class action, "[t]he court [is to] take[] the place as monitor of counsel[.]"  *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917 (7th Cir. 2010).

17.     In making the determination of whether a class action settlement meets Rule 23's requirements of being "fair, reasonable, and adequate," this Court must consider five factors: (1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely

complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs.,* 463 F.3d at 653 (*quoting Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996)).

18.     If the relief to the class members is deemed to be a coupon, the Class Action Fairness Act does allow the Court to approve coupon settlements, "only after a hearing to determine whether, and making a written finding that, the settlement is fair, reasonable, and adequate for class members." 28 U.S.C. § 1712(e).  Section 12 of CAFA, "invites increased judicial scrutiny of coupon settlements generally."  *Feder v. Frank* (*In re HP Inkjet Printer Litig.*), 716 F.3d 1173, 1178 (9th Cor. 2013) (*citing* 28 U.S.C. § 1712(e)); *Synfuel Techs., Inc.*, 463 F.3d at 653-54; *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1069 (C.D. Cal. 2010); S. Rep. No. 109-14, at 27 (stating that CAFA "requires greater scrutiny of coupon settlements").  The "problems with coupon settlements [are that]: (1) it is doubtful that they 'provide meaningful compensation to most class members'; (2) they often 'fail to disgorge ill-gotten gains from the defendant'; and (3) they may force class members 'to do future business with the defendant[.]'"  *Synfuel Techs.*, 463 F.3d at 653 (*quoting* Geoffrey P. Miller & Lori S. Singer, "Nonpecuniary Class Action Settlements," 60 LAW & CONTEMP. PROBS. 97, 108 (1997)).

19.     As this Court is familiar with the parties' and Defendant's insurance carriers' positions in this litigation, oversaw the settlement negotiations of the parties with Defendant's insurance carriers participating, has been informed of the progress of the further negotiations, Plaintiffs argue that this Court is in an informed position to determine whether the criteria has been met that this is a fair, adequate and reasonable settlement.

WHEREFORE, Plaintiffs respectfully request this Court enter an Order Preliminarily Approving the Class Action Settlement which:

(i)   Grants preliminary approval of the purposed settlement;

(ii)  Directs the publication of the agreed upon notice, subject to any modification deemed necessary by the Court; and

(iii) Schedules a hearing for final approval of the class settlement.

Respectfully submitted,

By:   /s/ Curtis C. Warner<br>Curtis C. Warner

Curtis C. Warner        cwarner@warnerlawllc.com
Warner Law Firm, LLC
1400 E. Touhy Ave. Ste. 260
Des Plaines, IL 60018
(847) 701-5290 (TEL)

John P. Mounce        jmounce@mouncelaw.com
Mounce Law, LLC
1440 N. Lake Shore Dr. #29F
Chicago, Illinois 60610
(312) 999-0008 (TEL)