# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARQUITA SANDERS, DONNA SANDERS, LINDA TODD, individually and on behalf of a class, | ) ) ) 11 C 3557 ) ) Magistrate Judge Rowland |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| W&W WHOLESALE INC., | ) ) |
| Defendant. | ) ) |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| NATIONAL SURETY CORPORATION; and TRAVERLERS CASUALTY INSURANCE COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, and TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) |
| Intervenors/Third Party Plaintiffs, | ) ) |
| v. | ) ) |
| W&W WHOLESALE, INC., MARQUITA SANDERS, DONNA SANDERS and LINDA TODD, | ) ) ) ) |
| Third Party Defendants. | ) ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND <u>SCHEDULING A FINAL SETTLEMENT HEARING</u>**

This matter coming before the Court on the Parties' Motion for Preliminary Approval of Class Action Settlement ("Settlement") and Notice to the Class between Plain-

tiffs Marquita Sanders, Donna Sanders, and Linda Todd (collectively "Plaintiffs") and W&W Wholesale, Inc. ("Defendant") collectively (the "Parties").

The Court finds as follows:

I.   That the Settlement was reached by the Parties through arm's-length negotiations that occurred after the June 21, 2013 settlement conference. Taking into consideration Defendant's financial statements, which the Court has reviewed, the number of class members and the factors that support this Settlement, the Court finds that the $10,000 cap on class relief provided in this Settlement, and the manner of the distribution of the class relief, with each claiming member being able to recover up to $50, or a *pro rata* distribution of that amount, in the form of a cashier's check useable at Defendant's store, are reasonable.

II.  That the Parties have presented this Court a plan to provide notice to the Class Members of the terms of the Settlement and the various options those Class Members have, including the right for the Class Members to file an objection or submit a claim form. The proposed publication in the same publications as the Notice of Pendency previously approved by the Court is the best practicable notice under the circumstances because the Parties do not have the names and addresses of the Class Members. The Court notes that the Notice of Pendency already provided Class Members the opportunity to opt-out of this lawsuit and that no Class Members opted-out. Defendant will post a notice of the class action on its website and Class Counsel will have the full notice and a claim form in addition to other information about this lawsuit on its website in accordance with the terms of the Agreement. A separate Order will issue regarding whether no-

2

tice shall be published in Defendant's stores in Illinois. The Court finds that the notice plan above is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on September 11, 2012, certified a class defined as:

> All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois from May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on September 11, 2012, appointed Warner Law Firm, LLC, and Mounce Law, LLC as class counsel ("Class Counsel").

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on September 11, 2012, appointed Plaintiffs as the Class Representatives.

4. Within fourteen (14) days from the entry of this Order, Class Counsel shall, pursuant to the terms of the Settlement Agreement, enter into a contract with a claims administrator to administer the claims of the Class Members.

6. Within ten (10) days of the entry of this Order, Defendant shall provide the requisite notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), and thereafter file with the Court proof of compliance.

7. The Court approves the notices and enters the following schedule:

    a. Defendant shall cause notice substantially in the form of <u>Exhibit 1</u> to the Settlement Agreement to be published within twenty-eight (28) days from the entry

of this Order as an one-eighth (1/8) page advertisement in the Lake County News Sun, Elgin Courier News, Aurora Beacon News, Joliet Harold News, Southtown Star, Bloomindale Press, North Riverside Suburban Life and the Chicago Tribune.

      b.    A separate Order will issue whether Notice substantially in the form of Exhibit 2 attached to the Settlement Agreement shall be posted in each of Defendant's stores in Illinois in a conspicuous place.

      c.    Within twenty-eight (28) days after the entry of this Order the following notice shall be posted at the top of Defendant's website www.kidsclubstores.com the following:

### NOTICE OF PENDENCY OF CLASS ACTION

TO: All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois from May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date. Please follow the link and read the notice carefully, it may affect your legal rights.

### Please Click on this Link for the Full Legal Notice

Upon clicking the link, the reader will be redirected to the Notice, in the form of Exhibit 2 attached to the Settlement Agreement with the last page containing a Claim Form in the form of Exhibit 3 attached to the Settlement Agreement.

      d.    Within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, Class Counsel shall cause notice in substantially the form of Exhibit 2 and a Claim Form in the form of Exhibit 3, along with the last Amended Complaint, Defendant's last answer, a copy of the memorandum on class certification, and a copy of the preliminary approval order to be published on Class Counsel's website, http://warnerlawllc.com/Class_Action_Notices.html.

8. Within seventy-three (73) days from the entry of this Order, Class Members must submit a claim form to the Administrator.

9. Within seventy-three (73) days from the entry of this Order, any Class Members who wish to object to the settlement must submit the objection to either:

Class Counsel:
Curtis C. Warner
WARNER LAW FIRM, LLC
1400 E. Touhy, Ste. 260
Des Plaines, IL 60018

**OR**

Counsel for Defendant:
Thomas A. Zimmerman, Jr.
Zimmerman Law Offices, P.C.
77 West Washington Street, Suite 220
Chicago, Illinois 60602

**OR**

United States District Court
Clerk of the Court
219 S. Dearborn Street, 20th Floor
Chicago, Illinois 60604

Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class and include any documentation that supports their objections, as set forth in the Settlement Agreement. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement. Any objections received by counsel shall be filed no later than three days prior to the fairness hearing on April 3, 2014.

10. The Parties may individually or jointly file memoranda prior to the fairness hearing. Any submission must be filed no later than 7 (seven) days prior to the final approval hearing.

11. A hearing on the fairness and reasonableness of the Settlement, whether final approval shall be given to it, and the requests for fees and expenses by Class Counsel will be held before this Court on April 3, 2014 at 10:30 AM.

E N T E R:

Dated: December 12, 2013

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge

6