**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARQUITA SANDERS, DONNA SANDERS, LINDA TODD, individually and on behalf of a class, | 11 C 3557 |
| | Magistrate Judge Mary M. Rowland |
| Plaintiffs, | |
| v. | |
| W&W WHOLESALE INC., | |
| Defendant. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | |
| NATIONAL SURETY CORPORATION; and TRAVERLERS CASUALTY INSURANCE COMPANY OF AMERICA, PHOENIX INSURANCE COMPANY, TRAVELERS LLOYDS INSURANCE COMPANY, and TRAVELERS INDEMNITY COMPANY OF AMERICA, | |
| Intervenors/Third Party Plaintiffs, | |
| v. | |
| W&W WHOLESALE, INC., MARQUITA SANDERS, DONNA SANDERS and LINDA TODD, | |
| Third Party Defendants. | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court on the whether the Class Action Settlement ("Settlement") between Plaintiffs Marquita Sanders, Donna Sanders, and Linda Todd (collectively "Plaintiffs") and W&W Wholesale, Inc. ("Defendant") collectively (the "Parties") should be

finally approved. The Court has carefully reviewed the Parties' submissions in this case, and the entire court file and is otherwise fully advised in the premises.

By an Order of Preliminary Approval Docket No. 291, entered December 12, 2013, the Court preliminarily approved the Parties' proposed settlement, subject to further consideration at the Final Settlement and Fairness Hearing.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court on September 11, 2012, certified a class defined as:

> All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois from May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date.

The Court also ordered that, within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, the Notice of Proposed Settlement and the right to opt out was to be made by publication by: (1) as an one-eighth (1/8) page advertisement in Lake County News Sun, Elgin Courier News, Aurora Beacon News, Joliet Harold News, Southtown Star, Bloomindale Press, North Riverside Suburban Life and the Chicago Tribune; (2) by separate order, ruled on whether Defendant shall post notice in Defendant's Illinois stores in a conspicuous place, and whether claim forms would be made available at Defendant's Illinois stores; and (3) publishing notice on Defendant's website www.kidsclubstores.com and class counsel's website http://warnerlawllc.com/Class_Action_Notices.html.

The Court having held a hearing on the fairness of the proposed settlement after due notice and the opportunity for any objections to the settlement to be heard, and the Court fully advised in the premises, the Court finds as follows:

I. The class is defined as:

> All persons who used either a credit card or debit card at any of Defendant's store locations in Illinois from May 26, 2009, to May 26, 2011, where Defendant provided the cardholder at the point of sales a printed receipt that displayed the cardholder's debit or credit card's expiration date.

II. In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and the previous Right to Opt Out as stated in the Notice of Pendency of Class Action satisfied the requirements of due process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members. The Court finds that Notice of the Settlement has been timely published in accordance with the terms of the Court's Preliminary Approval Order, and that the Notice was properly posted.

III. No Class Members have filed objections to the Settlement Agreement.

IV. No Class Members opted-out within the time period set forth in the Notice of Pendency of Class Action previously approved by the Court.

V. The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1. The settlement between the Defendant and Plaintiffs, individually and on behalf of the Class Members, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2. On the "Effective Date" for good and sufficient consideration, upon receipt of any amount awarded to Plaintiffs by the Court and allowing time for the funds to clear the releases contained in the Agreement shall take effect as follows:

Plaintiffs and all Class Members shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiffs named in paragraph 1 of the Settlement Agreement and their associated businesses, including their insurers including National Surety and Travelers, agents, principals, partners and joint ventures, and each of their employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that accrued at any time on or prior to the date the Court granted preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing their account number and/or the expiration date upon a receipt provided to the them at the point of sale or transaction (collectively, "Released Claims"). IT IS EXPRESSLY STATED that this Release does not Release any Claims or Rights that Plaintiffs have to the payment of Plaintiffs' incentive awards or attorney's fees and costs to which this Court retains jurisdiction over to enforce.

3. The Court hereby awards Class Counsel a total of $82,500 as reasonable attorney's fees and costs. The Defendant shall cause this payment of attorney's fees and costs to be issued to Warner Law Firm, LLC, within 14 days of the "Effective Date" based on the payment plan set forth in the Settlement Agreement.

4

4. The $30,000 in Insurance Payment funds that have been deposited with the Clerk of the Court by the Third Party Insurance Companies involved in this Lawsuit shall be distributed by the Clerk of the Court to Curtis C. Warner of Warner Law Firm, LLC within 14 days of the "Effective Date" and shall be distributed by Warner Law Firm, LLC in accordance with the Parties' Agreement, including the amount of each Plaintiff's award as made below.

5. The Court hereby awards each named Plaintiff $2,500 in total for their damages and as an incentive award for their participation in this litigation. The Defendant shall cause the above payment amount is to be issued to each Plaintiff and sent to Warner Law Firm, LLC, within 14 days of the "Effective Date" based on the payment plan set forth in the Settlement Agreement.

6. This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement.  This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

7. This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the settlement, the terms of the Settlement Agreement, and this Order, until Defendant's final monthly payment has been tendered to Class Counsel and those funds have cleared. Within seven (7) days of such an event occurring regarding Defendant's final payment, Class Counsel shall file with the Court a dismissal with prejudice of this case.

E N T E R:

Dated: April 11, 2014

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge